

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

April 7, 2003

The Honorable Joe Crabb
Chair, Committee on Redistricting
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0056

Re: Whether a local government may broadcast information about registered sex offenders on a local cable television channel (RQ-0623-JC)

Dear Representative Crabb:

Your predecessor as Chair of the House Committee on Redistricting asked whether a local government may broadcast information about registered sex offenders on a local cable television channel.[1]

The Sex Offender Registration Program is detailed in chapter 62 of the Texas Code of Criminal Procedure. Chapter 62 requires the registration of every individual who has a "reportable conviction or adjudication" for specified sexual offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 62.02(a) (Vernon Supp. 2003); *see also id.* art. 62.01(5). The Texas Department of Public Safety ("DPS") is directed to "provide the Texas Department of Criminal Justice, the Texas Youth Commission, the Texas Juvenile Probation Commission, and each local law enforcement authority, county jail, and court with a form for registering" such persons. *Id.* art. 62.02(b). The registration form must include:

> (1) the person's full name, each alias, date of birth, sex, race, height, weight, eye color, hair color, social security number, driver's license number, shoe size, and home address;
>
> (2) a recent color photograph or, if possible, an electronic digital image of the person and a complete set of the person's fingerprints;
>
> (3) the type of offense the person was convicted of, the age of the victim, the date of conviction, and the punishment received;

---

[1] *See* Letter from Honorable Delwin Jones, Chair, Committee on Redistricting, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (received Oct. 18, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

(4) an indication as to whether the person is discharged, paroled, or released on juvenile probation, community supervision, or mandatory supervision;

(5) an indication of each license, as defined by Article 62.08(f), that is held or sought by the person; and

(6) any other information required by [DPS].

*Id.* art. 62.02(b)(1)-(6).

Article 62.08 requires DPS to "maintain a computerized central database containing only the information required for registration." *Id.* art. 62.08(a). Subsection (b) of the statute provides:

The information contained in the database is public information, with the exception of any information:

(1) regarding the person's social security number, driver's license number, or telephone number;

(2) that is required by [DPS] under Article 62.02(b)(6); or

(3) that would identify the victim of the offense for which the person is subject to registration.

*Id.* art. 62.08(b). DPS must "maintain in the database, and . . . post on any department website related to the database, any photograph of the person that is available through the process for obtaining or renewing a personal identification certificate or driver's license," and must "update the photograph in the database and on the website annually or as the photograph otherwise becomes available." *Id.* art. 62.08(c). Any local law enforcement authority is required to "release public information described under Subsection (b) to any person who submits to the authority a written request for the information."[2] *Id.* art. 62.08(d). Thus, the information in the DPS database, with the exception of that information listed in subsection (b) of section 62.08, is specifically deemed to be "public information," and is available to any person. The question at issue is whether a local governmental body may broadcast public information from the DPS database on a local television cable channel.

The Public Information Act, chapter 552 of the Government Code, provides:

---

[2]Two versions of subsection (d) were enacted by the Seventy-seventh Texas Legislature in separate bills. Subsection (d) cited above was enacted by Senate Bill 1380. *See* Act of May 8, 2001, 77th Leg., R.S., ch. 211, § 10, 2001 Tex. Gen. Laws 399, 401. The other subsection (d), enacted by Senate Bill 654, concerns notice to certain licensing authorities and is not an issue in this opinion. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 932, § 2, 2001 Tex. Gen. Laws 1870, 1871.

> (a) This chapter does not prohibit a governmental body or its officer for public information from voluntarily making part or all of its information available to the public, unless the disclosure is expressly prohibited by law or the information is confidential under law.

TEX. GOV'T CODE ANN. § 552.007(a) (Vernon Supp. 2003). Thus, the Public Information Act itself implies that a governmental body may disclose any information that is not "expressly prohibited" or "confidential" by law. *See id.* The information you specify is not only *not* confidential, the Texas Code of Criminal Procedure affirmatively declares it to be "public information." *See* TEX. CODE CRIM. PROC. ANN. art. 62.08(b) (Vernon Supp. 2003). In addition, it is clear that a governmental body has inherent authority, in the exercise of its own discretion, to make public any information that constitutes "public information" and to do so in any format whatsoever, including the broadcast of such information on a cable television station. *See* TEX. GOV'T CODE ANN. § 552.007(a) (Vernon Supp. 2003).

Moreover, article 62.09(b) of the Code of Criminal Procedure provides that "[a]n individual, agency, entity, or authority is not liable under Chapter 101, Civil Practice and Remedies Code, or any other law for damages arising from" the release of public information under chapter 62. TEX. CODE CRIM. PROC. ANN. art. 62.09(b) (Vernon Supp. 2003). The Texas Supreme Court has declared that "[o]nce information is made a matter of public record, the protection accorded freedom of speech and press by the First Amendment may prohibit recovery for injuries caused by any further disclosure of and publicity given to such information, at least if the information is at all newsworthy." *Indus. Found. of the S. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 684 (Tex. 1976).

In *Hogan v. Hearst Corp.*, 945 S.W.2d 246, 250 (Tex. App.–San Antonio 1997, no writ), a person had committed suicide after a newspaper had published a report that listed his name and the fact of his arrest for indecent exposure in a city park. In response, the individual's family brought an action against the newspaper. The court, in finding that the newspaper had obtained the information from a public record, said that "[t]he state may not protect an individual's privacy interests by recognizing a cause of action in tort for giving publicity to highly private facts if those facts are a matter of public record." *Hogan*, 945 S.W.2d at 250 (citations omitted). With regard to the victim, "the article simply printed what case law has previously determined to be public information – [his] name, birth date, and the offense for which he was arrested." *Id.* at 251; *see also Crumrine v. Harte-Hanks Television, Inc.*, 37 S.W.3d 124 (Tex. App.–San Antonio 2001, pet. denied) (father in child custody dispute brought action against television station for broadcasting stories asserting he was gay, HIV-positive police officer, and court entered summary judgment for defendant noting that "the information broadcast was revealed during a judicial proceeding" and because the information was obtained from a public record – a court proceeding – an action for invasion of privacy could not be maintained).

In the situation you pose, the information contained in the DPS database of registered sex offenders is expressly declared to be "public information," with limited exceptions. TEX. CODE CRIM. PROC. ANN. art. 62.08(b) (Vernon Supp. 2003). Accordingly, a local government is free to broadcast that information on a local cable television channel.

The second question is whether a local government that broadcasts information about registered sex offenders may include the numeric risk level assigned to a particular individual under article 62.03(a) of the Code of Criminal Procedure. *See* Request Letter, *supra* note 1, at 1. Article 62.035 requires the Texas Department of Criminal Justice to "establish a risk assessment review committee," whose duty it is, *inter alia*, to "develop or select from among existing tools a sex offender screening tool to be used in determining the level of risk of a person subject to registration under this chapter." TEX. CODE CRIM. PROC. ANN. art. 62.035(a)-(b)(1) (Vernon Supp. 2003). The committee is required to "select a screening tool that may be adapted to use the following general guidelines:

> (1) level one (low): a designated range of points on the sex offender screening tool indicating that the person poses a low danger to the community and will not likely engage in criminal sexual conduct;
>
> (2) level two (moderate): a designated range of points on the sex offender screening tool indicating that the person poses a moderate danger to the community and may continue to engage in criminal sexual conduct; and
>
> (3) level three (high): a designated range of points on the sex offender screening tool indicating that the person poses a serious danger to the community and will continue to engage in criminal sexual conduct.

*Id.* art. 62.035(c)(1)-(3). Article 62.03 of the Code of Criminal Procedure directs that "[b]efore a person who will be subject to registration . . . is due to be released from a penal institution, the Texas Department of Criminal Justice or the Texas Youth Commission shall determine the person's level of risk to the community using the sex offender screening tool . . . and assign to the person a numeric risk level of one, two, or three." *Id.* art. 62.03(a).

Because the numeric risk level of a particular individual is not part of the sex offender registration form required by article 62.02(b), and consequently, is not part of the DPS database, the numeric risk level is not deemed to be "public information" by virtue of article 62.08. On the other hand, chapter 62 provides that the numeric risk level does, under certain circumstances, constitute information that must be made public. Article 62.03(e) requires a local law enforcement authority to publish a notice in the newspaper of greatest paid circulation in the county in which the registrant intends to reside "if the victim is a child younger than 17 years of age and the basis on which the person is subject to registration is not an adjudication of delinquent conduct and is not a conviction or a deferred adjudication for an offense under Section 25.02, Penal Code." *Id.* art. 62.03(e).[3] The newspaper notice must include "the following information only":

---

[3]Article 62.03(e) concerns prerelease notification, and article 62.04(f) concerns change of address notification. The notice requirements for both articles are very similar, except that article 62.04(f) excludes registrants with a risk assessment level of 1. *See* TEX. CODE CRIM. PROC. ANN. art. 62.04(f) (Vernon Supp. 2003) (notice of change of address must be published "if the victim is a child younger than 17 years of age, the basis on which the person is subject to registration is not an adjudication of delinquent conduct and is not a conviction or a deferred adjudication for an offense under Section 25.02, Penal Code, *and the person is not assigned a numeric risk level of one.*") (emphasis added).

>    (1) the [registrant's] full name, age, and gender;

>    (2) a brief description of the offense for which the person is subject to registration;

>    (3) the municipality, numeric street address or physical address, if a numeric street address is not available, and zip code number where the person intends to reside;

>    (4) either a recent photograph of the person or the Internet address of a website on which the person's photograph is accessible free of charge; and

>    (5) the person's numeric risk level assigned under this chapter and the guidelines used to determine a person's risk level generally.

*Id.* arts. 62.03(f), 62.04(g).[4]

Chapter 62 thus specifically requires that information about certain registered sex offenders be published in a newspaper and that the information include the person's numeric risk level assigned by the Texas Department of Criminal Justice. In this case, the fact that the information is provided in a newspaper means that the information is public and thus authorized to be republished. Accordingly, we conclude that the registered sex offender's numeric risk level constitutes public information at any time after that information is published in a newspaper in accordance with chapter 62 of the Code of Criminal Procedure. It necessarily follows that the numeric risk level may be broadcast on a local cable television channel only after it has been published in the newspaper in accordance with chapter 62.

---

[4]The notice must be published in "English and Spanish in the newspaper of greatest paid circulation in the county in which the person subject to registration intends to reside or if there is no newspaper of paid circulation in that county, in the newspaper of greatest general circulation in the county." *Id.* arts. 62.03(e), 62.04 (f).

## S U M M A R Y

A local government may broadcast on a local cable television station all information about a registered sex offender that is contained in the registration form for sex offenders, except for information that is excepted by article 62.08(b). *See* TEX. CODE CRIM. PROC. ANN. art. 62.08(a), (b) (Vernon Supp. 2003). A registrant's numeric risk level is not public information until it first appears in a newspaper in accordance with the provisions of chapter 62 of the Code of Criminal Procedure that require notice to be published.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee